FILED

2012 OCT 16 AM 11 11

JANICE LINKOUS
CIRCUIT CLERK

IN THE CIRCUIT COURT OF COLUMBIA COUNTY, ARKANSAS
CIVIL DIVISION

CINDY SNIDER AND CHARLIE SNIDER                    PLAINTIFFS

V.             CASE NO. CV-2012-188-6

E-Z MART STORES, INC.                              DEFENDANT

## COMPLAINT

Come the Plaintiffs, Cindy Snider and Charlie Snider, by and through their attorney, David P. Price, and for their complaint herein against Defendant, now state:

1. This Court has jurisdiction of the parties to and the subject matter of this action. Venue is proper herein.

2. Plaintiffs are residents of Magnolia, Arkansas. They reside at 94 Chinquepin, Magnolia, Arkansas 71753.

3. Defendant, E-Z Mart Stores, Inc., is a foreign corporation doing business in the State of Arkansas with its principal place of business located at 602 West Falvey, Texarkana, Texas 75504. Its agent for service of process is the Corporation Company, 124 West Capitol Ave., Suite 1900, Little Rock, Arkansas 72201.

4. This action is being brought by Plaintiffs to recover compensation for personal injuries sustained by Cindy Snider (hereinafter referred to as Plaintiff), caused by negligent acts and omissions of Defendant, and/or its employees and agents, on or about November 14, 2006. On that date, Plaintiff was a business invitee at Defendant's

1


EXHIBIT A

store located at 3920 Jefferson Ave., Texarkana, Arkansas.

5. Defendant is engaged in the business of selling gasoline and convenience store products through ownership and operation of convenience stores in various locations including its store #541 located at 3920 Jefferson Ave., Texarkana, Arkansas.

6. On November 14, 2006 at approximately 11:23 a.m., Plaintiff stopped at Defendant's store #541 in Texarkana, Arkansas. She went there to purchase gasoline for her vehicle. When she had obtained the desired amount of gasoline at one of the self-help pumps, she released the triggering device on the nozzle and pulled the nozzle out of the gas tank on her vehicle. The lock on the triggering device of the nozzle malfunctioned. The malfunction was unknown to Plaintiff, and the lock on the trigger kept it in the "on" position. This caused gasoline to spray Plaintiff in her face, hair, eyes, and onto her upper body and hands. This incident with spraying gasoline caused injuries and damages to Plaintiff complained of herein.

7. Plaintiff dropped the nozzle. She was stunned by what had just happened to her. Plaintiff opened her front passenger car door and looked for tissues to attempt to wipe herself off and compose herself. She did not realize at the time that she was in physical danger.

8. Plaintiff then went into Defendant's store and informed the two employees of Defendant who were working, that the gasoline nozzle had malfunctioned, and that she was covered in gasoline.

9. Plaintiff requested to use the store restroom to wash the gasoline off her. She was denied that request by agents of Defendant, and was told that Defendant did not have a public restroom at this particular store.

10. Pleading further, Defendant's manager on duty told Plaintiff, "They just got through working on that darn thing," and later told Plaintiff that she was the third person who had experienced a mal-function with that particular pump that day.

11. Plaintiff was given access to a sink, but not in a private area, and was told that she could wash herself at that sink. She did the very best she could, however, gasoline was in her eyes and Plaintiff was having a difficult time.

12. Plaintiff was stunned when she was sprayed with the gasoline, and was in a mode of denial as a result of this occurring. She did not realize at the time that this was an emergency situation that was causing harm to her health.

13. Defendant, at the time, had a policy and procedures manual for all agents and employees to follow. The manual contained emergency protocol for its employees to follow for people, including customers, who were in emergency situations at Defendant's business locations. Defendant's employees failed to follow the policy and procedures manual that was in effect at the time.

14. The acts and omissions on the part of E-Z Mart Store employees and agents are imputed to Defendant as a matter of law.

15. At the time of the accident, Defendant had a digital security video of its store at the location in question. The video was kept by Defendant in the ordinary course of business. There is digital video of Plaintiff driving up to Defendant's store, of her inside the store, and of her leaving the store. The video also contains frames of Plaintiff outside the Defendant store, and visiting with the manager of Defendant's store, before she departs the store in her vehicle.

16. The part of the video that would show the accident, wherein Plaintiff was

3

sprayed by the malfunctioning pump nozzle outside the store, is missing. A total of 17 seconds of video, which would be the incident of Plaintiff being sprayed in the face, and showing the pump at issue malfunction, is missing from the video of Defendant. That video was and has been in the complete dominion and control of Defendant since the date of the accident. Defendant is responsible for the missing segments of the video. Plaintiff should be entitled to, at a minimum, sanctions against Defendant in the form of at least a spoliation jury instruction on the missing 17 seconds of digital video.

17. The acts of negligence on the part of E-Z Mart Stores and its employees and/or agents, include but are not limited to:

  a. Failure to maintain its premises in a reasonable and safe condition;

  b. Failure to maintain its equipment in a reasonable and safe condition;

  c. Failure to exercise ordinary care in the maintenance of its equipment by permitting the Plaintiff as a business invitee, to use equipment know to be defective;

  d. Failure to warn Plaintiff Cindy Snider of known hazardous and an unsafe condition, and continuing to permit its business invitees, such as Plaintiff, to place themselves in a position to where they knew or should have reasonably known that the pump was defective and that it would result in injuries being sustained by individuals such as Plaintiff, Cindy Snider;

  e. Failure to recognize that an emergency situation was occurring, and failure to act reasonably and prudently with dealing with that

4

       emergency situation thus causing serious physical injuries to Plaintiff, Cindy Snider;

    f. Failure to take precautions to diminish or prevent the likelihood of injury due to a known hazardous and unsafe condition;

    g. Failure to provide assistance to render aide to Plaintiff;

    h. Failure to keep its video of the accident involving Plaintiff properly preserved.

18. The acts of negligence described hereinabove were the sole and proximate cause of the injuries and damages sustained by Plaintiff.

19. As a proximate result of the negligent acts and omissions of Defendant, its employees and/or agents, Plaintiff has sustained serious personal injuries, some of which are permanent in nature.

20. Plaintiff should be entitled to judgment against Defendant for her physical injuries, pain and suffering, medical expenses, lost wages, mental anguish, and for punitive damages for the conscious disregard and indifference and consequences of Defendant's gross negligent acts, and for its spoliation of evidence.

21. Plaintiff Charlie Snider is entitled to damages for loss of companionship, services and consortium.

22. Plaintiffs demand a trial by jury on all issues of fact.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray for judgment against Defendant in an amount in excess of that required for federal diversity of citizenship cases, and all other relief that they are entitled to as a matter of law.

Respectfully submitted,

Cindy Snider and Charlie Snider,
Plaintiffs

BY: _____
David P. Price, ABN: 92121
Attorney for Plaintiffs
P.O. Box 765
Magnolia, AR  71754-0765
870-234-4781

IN THE CIRCUIT COURT OF COLUMBIA COUNTY, ARKANSAS
CIVIL DIVISION

## SUMMONS

Case No. CV-2012- 188-6

Plaintiffs:  Cindy Snider and Charlie Snider vs.
Defendant:  E-Z Mart Stores, Inc.

THE STATE OF ARKANSAS TO DEFENDANT:  E-Z Mart Stores, Inc.
c/o The Corporation Company
124 West Capitol Ave., Ste. 1900
Little Rock, Arkansas 72201

## NOTICE

1.  You are hereby notified that a lawsuit has been filed against you; the relief asked is stated in the attached complaint.

2.  The attached complaint will be considered admitted by you and a judgment by default will be entered against you for the relief asked in the complaint unless you file a pleading and thereafter appear and present your defense. Your pleading or answer must meet the following requirements:

    A. It must be in writing, and otherwise comply with the Arkansas Rule of Civil Procedure in the form of a written Answer to the Complaint or a Motion under Rule 12 under the Arkansas Rules of Civil Procedure.

    B. Your Answer or Motion must be filed in the Circuit Clerk's Office within thirty (30) days from the day you were served with this summons (not counting the day you received it) or sixty (60) days if you are incarcerated in any jail, penitentiary, or other correctional facility in Arkansas.

3.  The Answer or Motion must be served on the Plaintiff's attorney at:
    **David P. Price, P. O. Box 765, Magnolia, AR 71754-0765, 870-234-4781.**

4.  Additional notices:  See attached.

WITNESS MY HAND AND SEAL OF THIS COURT, This 16 day of October, 2012.

**ADDRESS OF CLERK'S OFFICE:**
**Columbia County Courthouse**
**P.O. Box 327**
**Magnolia, Arkansas 71754-0327**

Janice Linkous
Clerk
BY: DeVona Powell

David P. Price
P.O. Box 765
Magnolia, AR 71754-0765
Attorney for Plaintiff